### (June 17, 1974)

█ In the Matter of JULIUS R. BERGER, Petitioner, and DAVID T. LANDRIGAN, Appellant, v. JESSICA F. FRIESE, as City Clerk of the City of White Plains, et al., Respondents.— In a proceeding *inter alia* to validate petitions nominating the petitioners in this proceeding as candidates in the special election to be held on June 18, 1974 for the public office of Councilman (unexpired term) of the City of White Plains and to direct that their names be placed on the ballot, petitioner Landrigan appeals as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County, entered June 12, 1974, as directed the respondent City Clerk not to accept his nominating acceptance. Judgment reversed insofar as appealed from, on the law, without costs, and application of petitioner Landrigan granted, without costs. Under the circumstances of this case, we find that there is no rational relationship between the two-year residence requirement and the right to run for the office of Councilman of the City of White Plains. We therefore hold that the two-year residence requirement is unconstitutional and void. In so holding, we do not determine that another and shorter period would not be valid. Gulotta, P. J., Martuscello, Shapiro and Christ, JJ., concur.

█ DAVID M. ETTINGER, Appellant, v. FRANK H. SCHARP, as Village Clerk of the Incorporated Village of Atlantic Beach, Respondent.— In a proceeding to compel reinstatement of the names of petitioner and two others to the ballot as candidates for the public offices of Mayor and Village Trustee in the election to be held on June 18, 1974, the appeal is from a judgment of the Supreme Court, Nassau County, dated June 14, 1974, which dismissed the proceeding. Judgment affirmed, without costs (*Matter of Burton v. Coveney*, 32 N Y 2d 842). Hopkins, Acting P. J., Latham, Cohalan and Brennan, JJ., concur.